**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 12 2015, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Special Asst. to the State Public Defender
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT C.W. GETCHELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 42A01-1407-CR-281 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE KNOX COUNTY SUPERIOR COURT 1
The Honorable W. Timothy Crowley, Judge
Cause No. 42D01-1208-FB-060

**January 12, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Robert C.W. Getchell appeals from the trial court's revocation of his placement in a community corrections program and the court's order that he serve the balance of a six-year sentence previously suspended to community corrections in the Department of Correction. The sole issue presented on appeal is whether the trial court abused its discretion in this regard.

We affirm.

On August 23, 2012, the State charged Getchell with dealing in methamphetamine, a class B felony; possession of chemical reagents or precursors with intent to manufacture a controlled substance, a class D felony; possession of methamphetamine, a class D felony; resisting law enforcement, a class D felony; and maintaining a common nuisance, a class D felony. On December 6, 2012, pursuant to a plea agreement with the State, Getchell pleaded guilty to class B felony dealing in methamphetamine as charged in this cause (FB-60) and to class C felony possession of methamphetamine in an unrelated cause (FC-35). The plea agreement provided for consecutive sentences with the sentence under FC-35 to be four years with two years to be served in the Wabash Valley Regional Community Corrections Work Release Program (Work Release Program) and two years suspended to probation followed by ten years with six years to be served in the Work Release Program and four years suspended to probation under FB-60. In exchange for his guilty plea, the State agreed to dismiss the remaining charges in FB-60 and FC-35 as well as all of the charges in third cause. The trial court accepted the plea agreement and Getchell was sentenced in accordance therewith on January 4, 2013.

2

Sometime prior to December 26, 2013, Getchell had been accused of being "out of bounds" or not in compliance with the rules of the Work Release Program. *Transcript* at 20. A hearing before the Conduct Adjustment Board (CAB) had been scheduled to determine whether, in fact, Getchell had committed a violation of the rules of the Work Release Program and whether any sanction was warranted. On December 26, 2013, a correctional officer with the Work Release Program presented Getchell with and asked him to sign a CAB packet, which gave him notice of the upcoming hearing before the CAB. Getchell became "very angry" and refused to sign the packet. *Transcript* at 11. Getchell then demanded to know the status of his passes, and the correctional officer informed him that he would not receive any passes until after his meeting before the CAB. Upon learning that he would not be receiving any passes, Getchell became very angry and he threatened to burn down the work release coordinator's house and car. When the correctional officer told Getchell that he was going to write him up for making those threats, Getchell began calling the officer names. The correctional officer testified that Getchell tried to goad him into fighting him. When the correctional officer pointed out that this would only lead to new charges against him, Getchell elected to go back to the dorm. Back in the dorm, Getchell continued being disruptive and "very disorderly," yelling obscenities and threatening staff. *Id.* at 15.

On January 8, 2014, the State filed a notice of probation violation in FB-60[1] based on Getchell's remarks threatening bodily harm to the staff of the Work Release Program

---

[1] On August 28, 2013, Getchell completed that portion of his sentence to be served in the Work Release Program resulting from his guilty plea in FC-35. The following day Getchell began serving that portion of his sentence to be served in the Work Release Program under FB-60. Hence, the notice of probation violation was filed under FB-60.

and his threats to burn the house and car of the work release coordinator. The court held a hearing on the notice of probation violation on June 4, 2014. During the hearing, Getchell denied making any threatening remarks, but he did admit to being disrespectful toward a staff member of the Work Release Program in violation of the center's rules. At the conclusion of the hearing, the trial court revoked Getchell's placement in the Work Release Program and ordered the remaining portion of his probation placement therein to be executed in the Department of Correction. Getchell now appeals.

We treat a hearing on a petition to revoke a placement in a community corrections program the same as we do a hearing on a petition to revoke probation. *Holmes v. State,* 923 N.E.2d 479 (Ind. Ct. App. 2010); *Cox v. State,* 706 N.E.2d 547 (Ind. 1999). Probation and community corrections programs serve as alternatives to commitment to the Department of Correction, and placements in such programs are made at the sole discretion of the trial court. *Holmes v. State,* 923 N.E.2d 479. A defendant is not entitled to serve a sentence in either probation or a community corrections program; rather placement is a matter of grace and a conditional liberty that is a favor, not a right. *Id.*

Our standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. *Id.* A probation hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. *Id.* We consider the evidence most favorable to the judgment of the trial court and do not reweigh that evidence or judge the credibility of the

witnesses.  *Id.*  If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation or community corrections, we affirm its decision to revoke.  *Id.*

On appeal, Getchell acknowledges that his behavior was inappropriate and violated the rules of the Work Release Program.  Getchell argues, however, that the trial court's order that he serve in the Department of Correction the balance of his previously suspended sentence that was to be served in community corrections was "unduly harsh." *Appellant's Brief* at 4.  We disagree.

The evidence presented at the revocation hearing showed that Getchell threatened to burn down the house and car of the work release coordinator because he was upset that his passes had been revoked.  A corrections officer testified that Getchell used profanities, called him names, and tried to goad him into fighting.  Under these circumstances, it seems evident that Getchell cannot be placed back in the Work Release Program.  Getchell does not suggest what lesser alternatives were available to the court, and that is not to say that a lesser alternative to incarceration would be appropriate under these circumstances.  Having reviewed the record, we cannot say that the trial court abused its discretion in revoking Getchell's placement in the Work Release Program and in ordering that the balance of the six years of his sentence therein to be executed in the Department of Correction.

Judgment affirmed.

KIRSCH, J., and CRONE, J., concur.